```
         IN THE UNITED STATES DISTRICT COURT FOR THE
               SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION
```

ISIAH POELLNITZ, AIS # 184199,    :
                                  :
    Plaintiff,                    :
                                  :
vs.                               :   CIVIL ACTION 06-00506-CG-B
                                  :
BONDURANT LUMBER, INC., *et al.*, :
                                  :
    Defendants.                   :

### REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding <u>pro se</u> and <u>in forma pauperis</u>, filed a Complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(b) and Local Rule 72.2(c)(4). After careful consideration, it is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**I.  <u>Complaint as Amended</u>. (Docs. 4 & 8)**

In this § 1983 action, Plaintiff names as Defendants Bondurant Lumber, Inc., and Construction Claims Management Inc. ("CCM"). Plaintiff alleges that on September 11, 2003, he was working at Defendant Bondurant Lumber pursuant to his work release assignment when he injured his left thumb in a fall. According to Plaintiff, he notified his supervisors of his injury and he was directed to get some Ibuprofen. At that time, Plaintiff did not receive any medical care and was required to work through the remainder of his

eight-hour shift.

Upon Plaintiff's return to the Atmore Work Release, medical personnel examined him and sent him to the emergency room at the Atmore Baptist Hospital where, after an x-ray of his left thumb, it was determined that his thumb was fractured.  The doctor ordered Plaintiff to wear a thumb splint for two weeks, to remain off work, and to see the prison doctor, who then ordered Plaintiff not to work indefinitely and to see an orthopedic specialist provided by the workers' compensation carrier, Defendant CCM.  After Defendant CCM gave verbal authorization, Dr. Fletcher performed a thumb fusion and ordered Plaintiff to remain off work.  Then, permission was given for Plaintiff to have a second surgery, which was performed by Dr. Myers, who also instructed Plaintiff to stay off work.  On February 6, 2004, Plaintiff was terminated from Defendant Bondurant Lumber because no light duty job was available. Plaintiff alleges that his termination was retaliatory and thus in violation of Alabama Code § 25-5-11.1. (Doc. 8).

When Plaintiff returned to prison, he filed an action against Defendants Bondurant Lumber and CCM for failure to pay lost wages from September 11, 2003, through March 16, 2004. (Doc. 4).  The Escambia County Circuit Court dismissed Plaintiff's case with prejudice, finding that an inmate is not an employee within the Workers' Compensation Act.  This decision was affirmed by the Alabama Court of Civil Appeals.

Plaintiff, who is left-hand dominant, asserts that he is a certified welder but is now permanently disabled.  Plaintiff also avers that he was capable of earning $15 per hour, so that over a 24-year period, from when he was 41 years old until 65 years old when he would be expected to retire, he would have earned $448,800.  For relief, Plaintiff requests nominal, compensatory, and punitive damages and a declaratory judgment that his constitutional rights have been violated.

## II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding in forma pauperis, the Court reviewed Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B).[1]  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989).  A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, the claim seeks to enforce a right that clearly does not exist.  Id.  Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory,

---

[1] The predecessor to this section is 28 U.S.C. § 1915(d). Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989), was unaltered. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001); Brown v. Bargery, 207 F.3d 863, 866 n.4 (6th Cir. 2000).  However, dismissal under § 1915(e)(2)(B) is now mandatory.  Bilal, 251 F.3d at 1348-49.

but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id.  Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984)(citation omitted); see Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) (noting that § 1915(e)(2)(B)(ii)'s language tracks the language of Fed.R.Civ.P. 12(b)(6)).  Dismissal for failure to state a claim is also warranted when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint. Jones v. Bock, ___ U.S. ___, ___, 127 S.Ct. 910, 920-21 (2007).

**III.  Discussion.**

A federal district court's first consideration is whether subject-matter jurisdiction exists.  The existence of subject-matter jurisdiction may be considered sua sponte at any point in the proceeding. Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).  Pertinent to this action is the Rooker-Feldman doctrine, which prohibits a federal district court from reviewing a final judgment of a state court. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482, 103 S.Ct. 1303, 1315 (1983); see Rooker

v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S.Ct. 149, 150 (1923). A federal district court does not have subject-matter jurisdiction to review a final judgment of a state court because "[r]eview of such judgments may be had only in [the United States Supreme Court]." Id. at 482, 103 S.Ct. at 1315. A section 1983 action in federal district court is not an alternative or a complement to an appeal from a judgment in a state court. Rolleston v. Eldridge, 848 F.2d 163, 165 (11th Cir. 1988). The Rooker-Feldman doctrine precludes, not only a federal district court from reviewing federal issues that were raised in state court proceedings, but also those federal issues that should have been raised in state court proceedings because they are "inextricably intertwined" with a state court's judgment. Id. at n.16, 103 S.Ct. at n.16. In the present action, Plaintiff seeks to raise before this Court the same claims that he raised in his state-court action against the same Defendants. Therefore, the undersigned determines that this Court lacks subject-matter jurisdiction over this action based on the Rooker-Feldman doctrine.

Although the foregoing discussion is dispositive of this action, there exists other bases upon which to dismiss this § 1983 action. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish "the conduct complained of was committed by a person acting under color of state law . . . ." Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913 (1981), overruled

5

on other grounds by Daniels v. Williams, 474 U.S. 327, 330-31, 106 S.Ct. 662 (1986).  To determine if a private party acts under color of state law, the United States Supreme Court uses three tests:

> (1) the public function test; (2) the state compulsion test; and (3) the nexus/joint action test. . . .  The public function test limits state action to instances where private actors are performing functions "traditionally the exclusive prerogative of the state." . . .  The state compulsion test limits state action to instances where the government "has coerced or at least significantly encouraged the action alleged to violate the Constitution." . . . The nexus/joint action test applies where "the state has so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise." . . .

Willis v. University Health Services, Inc., 993 F.2d 837, 840 (11th Cir.) (citations omitted), cert. denied, 510 U.S. 976 (1993).

In the present action, Plaintiff names as Defendants entities who typically do not act under color of state law.  In other words, the Defendant entities are private businesses; yet, Plaintiff has not alleged that they act under color of state law.  Specifically, Plaintiff's allegations do not indicate that Defendants performed a traditional state function, were coerced by the State, or were a joint participant with the State in business.  Therefore, in the absence of such allegations, and considering Defendants' identities as private entities, Plaintiff's § 1983 action is frivolous.

Still another basis upon which to dismiss Plaintiff's § 1983

6

action is the statute of limitations.  In Alabama, the statute of limitations for § 1983 action is two years.  <u>Lufkin v. McCallum</u>, 956 F.2d 1104, 1106, 1108 (11th Cir.), <u>cert. denied</u>, 506 U.S. 917 (1992); ALA. CODE § 6-2-38(l).  The statute of limitations

> "'does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" . . . .  Thus Section 1983 actions do not accrue until the plaintiff knows or has reason to know that he has been injured. . . . Nor will a Section 1983 action accrue until the plaintiff is aware or should have been aware who has inflicted the injury.

<u>Mullinax v. McElhenney</u>, 817 F.2d 711, 716 (11th Cir. 1987) (citations omitted).

In the present action, Plaintiff knew of his claims concerning his injury when it occurred on September 11, 2003 (Doc. 4), and he knew of the failure to pay him lost wages by March 16, 2004, or the very latest when his surgery was approved on July 27, 2004.  Nevertheless, Plaintiff did not file the instant action until August 29, 2006 (Doc. 1), which is more than two years after his claims accrued against Defendants Bondurant Lumber and CCM.  Accordingly, Plaintiff's § 1983 action is barred by the two-year statute of limitations.  For this reason, this action is due to be dismissed for failure to state a claim upon which relief can be granted.  <u>Bock</u>, ___ U.S. at ___, 127 S.Ct. at 920-21 (when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, a complaint is subject to

dismissal under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim); cf. Clark v. Georgia Pardons & Paroles Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990) (when an affirmative defense would defeat a claim, such as the statute of limitations, the claim may be dismissed as frivolous).

**IV. Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The attached sheet contains important information regarding objections to the Report and Recommendation.

DONE this the **2nd** day of **August 2007**.

                                              **/s/ SONJA F. BIVINS**
                                      **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.     **<u>Objection</u>**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

     A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.     **<u>Opposing party's response to the objection.</u>** Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.     **<u>Transcript (applicable where proceedings tape recorded)</u>**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.